UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVAL JONES,<br><br>            Plaintiff,<br><br>     v.<br><br>SHELTON, et al.,<br><br>            Defendants. | Case No. 1:19-cv-01068-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIM FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANT WEBBER, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Laval Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 5, 2019. (ECF No. 1).

The Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Webber. (ECF No. 11). The Court also found that Plaintiff failed to state any other cognizable claims. (Id.). The Court gave Plaintiff options as to how to move forward. (Id. at 11). On May 4, 2020, Plaintiff

1

filed his response to the Court's screening order, stating that he wants to stand on his complaint. (ECF No. 12).

Accordingly, the Court issues these findings and recommendations to the district judge consistent with the screening order. Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.   SCREENING REQUIRMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges the following in his complaint:

Plaintiff is an inmate at Corcoran State Prison. Plaintiff alleges that Defendant Correctional Officer Shelton has been telling people at the prison that Plaintiff is cutting in the canteen line and having the inmate population "jump" him. On October 10, 2018, Plaintiff sustained a black eye, a swollen jaw, a busted lip, and a scratch on the right side of his nose.

The correctional staff stood by and did nothing.

Correctional staff refused to call medical staff and would not allow Plaintiff to seek medical help (correctional staff turned him away from the clinic).

Plaintiff also filed a harassment grievance claiming that he had been harassed on a daily basis.

Plaintiff states that he is seriously alarmed, annoyed, and terrorized in state custody.

"Corrupted cops" stop Plaintiff illegally to search him without finding anything. "He" spits in Plaintiff's direction, stands in Plaintiff's way to prevent him from walking past or makes Plaintiff walk the long way around, and yells out "Fuct [sic] you" when Plaintiff walks past.

Plaintiff is having emotional and mental difficulty coping with incarceration in state custody. He is mentally distressed and in a great depression.

Plaintiff was punched by Defendant Correctional Officer Webber in front of the CCMS clinic for no reason after Plaintiff visited his mental health team. Defendant Webber punched Plaintiff in the chest as he was walking out the door. Plaintiff felt internal pain for weeks.

On September 12, 2018, Defendant Webber refused to let Plaintiff get medical care. When Plaintiff went to go seek medical help, Defendant Webber told Plaintiff to take it back to the building.

Defendant Webber violated Plaintiff's free speech by telling him to "shut up," and that he does not want to hear what Plaintiff has to say.

Plaintiff is harassed on a daily basis.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

4

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Failure to Identify Specific Defendants and Acts

As an initial matter, Plaintiff generally fails to state clearly what each defendant did to him that deprived him of his constitutional rights. Plaintiff makes allegations about "correctional staff" generally, without specifying who did what. The Court will address the allegations against specifically named defendants below. As to all other defendants, the Court will recommend that they be dismissed because Plaintiff failed to allege what they did or did not do that violated his constitutional rights.

### C. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not… use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

Plaintiff's complaint sufficiently states a claim of excessive force against Defendant Correctional Officer Webber to proceed past the screening stage. Plaintiff alleges that Defendant Webber punched Plaintiff for no reason, and that Plaintiff continued to feel internal pain for weeks. Construing the allegations in favor of Plaintiff, Plaintiff has alleged that Defendant Webber used force not to restore discipline and order, but rather maliciously and sadistically for the purpose of causing harm.

### D. Harassment

Plaintiff alleges that correctional officers harassed him by stating that he was cutting in line at the canteen, spitting in his direction, yelling at him, standing in his way, and similar conduct.

Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). However, verbal harassment may violate the constitution when it is "'unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal., Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092)

The Court has reviewed Plaintiff's allegations of harassment and finds that Plaintiff has failed to state a claim for cruel and unusual punishment under the Eighth Amendment because Plaintiff has not sufficiently alleged that the harassment was unusually gross even for a prison setting and was calculated to cause Plaintiff psychological damage.

### E. Failure to Protect

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to a serious threat to the inmate's safety. *Id.* at 834.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847)

Plaintiff's complaint fails to state a cognizable claim for failure to protect in violation of the Eighth Amendment. Plaintiff alleges that Defendant Correctional Officer Shelton told inmates that Plaintiff was cutting in the canteen line. Plaintiff also alleges that the "inmate population" attacked him on October 10, 2018, and that correctional staff stood by and did nothing. However, these facts are not sufficient to demonstrate that Defendant Shelton's words exposed Plaintiff to harm, knowing that harm would result. Plaintiff does not allege when Defendant Shelton made his comment about cutting in line, does not allege whether the inmates who attacked him heard that comment, and does not make any allegations suggesting that the inmates attacked Plaintiff due to the comment.

As to Plaintiff's claim that correctional officers failed to act to protect him, Plaintiff has not alleged facts from which the Court could draw a reasonable inference that these correctional officers were able to protect him but failed to act.

**F. Eighth Amendment: Deliberate Indifference to Serious Medical Needs**

Plaintiff also alleges that Defendants were deliberately indifferent to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

7

(2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff has alleged that certain correctional officer failed to call medical staff and would not allow him to seek medical help.  He later alleges that Defendant Webber refused to let him get medical care.

These facts are not sufficient to state a claim under these legal standards.  Plaintiff fails to identify most of the responsible correctional officers by name (or with a description and identifier

such John Doe or Jane Doe). Additionally, Plaintiff does not sufficiently describe his serious medical need(s). Plaintiff's allegations are not sufficient to show that any defendant knew that Plaintiff had a serious medical need but failed to address it.

### G. First Amendment

Plaintiff alleges that Defendant Webber violated his First Amendment rights by telling Plaintiff to shut up and telling Plaintiff that he did not want to hear what Plaintiff had to say. Plaintiff does not allege that he was engaging in any protected conduct, such as filing a grievance. Plaintiff does not have a constitutional right to speak with any correctional officer at any time. Thus, Plaintiff's allegations do not establish a violation of his First Amendment rights. *See, e.g., Burgess v. Raya*, 2013 WL 1704030, at *4 (E.D. Cal., Apr. 19, 2013).

## IV.   CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint and finds that Plaintiff has stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Webber. The Court also finds that Plaintiff's complaint fails to state any other cognizable claims.

As Plaintiff was given leave to amend but chose to stand on his complaint, the Court does not recommend granting further leave to amend.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claim against Defendant Webber for excessive force in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __May 5, 2020__     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE