UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVAL JONES,<br><br>              Plaintiff,<br><br>    v.<br><br>WEBER,<br><br>              Defendant. | Case No. 1:19-cv-01068-NONE-EPG<br><br>ORDER (1) SETTING SETTLEMENT CONFERENCE, (2) REQUIRING PERSONAL ATTENDANCE BY CERTAIN INDIVIDUALS, AND (3) REQUIRING SETTLEMENT CONFERENCE STATEMENT MEETING CERTAIN PARAMETERS |

Magistrate Judge Jeremy D. Peterson will hold a settlement conference on March 24, 2021 at 9:00 a.m. The conference is to be conducted by remote means to be determined at a later date and time. Counsel for the defendant is directed to contact the court via e-mail at: ncannarozzi@caed.uscourts.gov, one week prior to the scheduled settlement conference to report on the institution's ability, in light of any COVID-19 restrictions, to produce the inmate for a remote appearance. The court expects that the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case. If any party believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the settlement conference as possible. Unless otherwise permitted in advance by the court, the following individuals must attend the settlement conference: (1) all of the attorney(s) who will try the case; (2) the parties; and (3) individuals with full authority to negotiate and settle the case, on any terms.

1

No later than one week prior to the settlement conference, each party must submit to Judge Peterson's chambers at jdporders@caed.uscourts.gov, or by mail at U.S. District Court, 501 I Street, Sacramento, CA 95814, a confidential settlement conference statement.  These statements should neither be filed on the docket nor served on any other party.  The statements should be marked "CONFIDENTIAL" and should state the date and time of the conference.  The statements should not be lengthy but should include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;

(4) your best estimate of the probability that plaintiff will obtain a finding of liability should this case proceed to trial, in percentage terms;

(5) should this case proceed to trial and defendant be found liable, please provide the following, in specific dollar terms:

    (a) a realistic high-end recovery estimate (*i.e.*, realistic best- or worst-case scenario)

    (b) a realistic low-end recovery estimate (*i.e.*, realistic worst- or best-case scenario), and

    (c) a best estimate of the most likely outcome;

(6) a history of settlement discussions, including:

    (a) a statement of your expectations for settlement discussions;

    (b) a listing of any past and present settlement offers from any party (including all terms);

    (c) whether your party would consider making the opening offer or demand, and what that offer might be[1];

(7) a list of the individuals who will be participating in the settlement conference on your

---

[1] Please note that Judge Peterson will consider this response, among others, in evaluating whether proceeding with a settlement conference appears worthwhile.

party's behalf, including each participant's name and, if appropriate, title; and

 (8) identification of any related cases or of any other cases that the parties might wish to discuss at this settlement conference.

Dated: <u>February 4, 2021</u>

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE