# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVAL JONES,<br><br>        Plaintiff,<br><br>v.<br><br>WEBER,<br><br>        Defendant. | Case No. 1:19-cv-01068-NONE-EPG-PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 21)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY DAYS |

Plaintiff Laval Jones is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Weber has moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing this action. For the reasons stated herein, the undersigned recommends granting Defendant Weber's motion for summary judgment and dismissing this action.

## I. BACKGROUND

This action is proceeding on Plaintiff's claim against Defendant Weber for excessive force in violation of the Eighth Amendment. (ECF No. 15 at 2).[1] This claim stems from Plaintiff's allegations that Defendant Weber punched Plaintiff for no reason and that Plaintiff continued to feel internal pain for weeks. (ECF No. 14 at 6).

On October 19, 2020, Defendant Weber filed a motion summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing this action. (ECF No. 21). Plaintiff filed an opposition, and Defendant Weber filed a reply. (ECF Nos. 48, 49).

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros

de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn . . ."; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed . . . ." Anderson, 477 U.S. at 255.

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, "the ultimate burden of proof remains with the defendant." Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

**B. Exhaustion**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies . . . .") (repealed June 1, 2020).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

///

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S. Ct. 1850, 1857, 1859 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

There are no "special circumstances" exceptions to the exhaustion requirement. Ross, 136 S. Ct. at 1862. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Ross, 136 S. Ct. at 1859–60. "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

### III. DISCUSSION

#### A. Factual Background

In the motion for summary judgment, Defendant Weber argues that Plaintiff failed to exhaust his available administrative remedies before filing the lawsuit. Specifically, Defendant Weber contends that "although Plaintiff submitted a relevant administrative grievance, he filed that grievance approximately 450 days *after* the alleged incident occurred and four and a half months after filing this lawsuit." (ECF No. 21-1 at 1). In the opposition, Plaintiff argues that the California Department of Corrections and Rehabilitation ("CDCR") failed to follow its protocol by misplacing and not responding in a timely manner to Plaintiff's first 602,[2] which Plaintiff contends was filed within the requisite time frame. (ECF No. 48 at 1–3).

Defendant Weber has submitted the declaration of J. Ceballos, who is employed by CDCR as a Correctional Counselor II at California State Prison – Corcoran ("COR") and serves as an Appeals Coordinator for CDCR's inmate grievance process at COR. (ECF No. 21-4 at 1–2). J. Ceballos declares that the administrative grievance process for inmates in COR custody has three levels of review. The first two levels of review are handled at COR, and the third level of review is handled by CDCR's Office of Appeals in Sacramento. (Id. at 2).

J. Ceballos declares that a search of the Inmate/Parolee Appeals Tracking System ("IATS") was conducted for appeals submitted by Plaintiff between September 12, 2018 (the date of the alleged incident) and August 5, 2019 (the date Plaintiff filed his complaint). The search revealed that Plaintiff did not submit any appeal concerning the conduct at issue in the complaint during this time period. (ECF No. 21-4 at 2). However, Plaintiff did submit an

---

[2] Inmate appeals or grievances are made on a CDCR form 602 and are also referred to as "602s."

appeal—Appeal No. CPCS-2-20-00059—concerning the facts of this case on December 30, 2019, approximately 450 days after the alleged incident and four and a half months after the instant suit was commenced. (Id. at 3).

Appeal No. CPCS-2-20-00059 was submitted on December 30, 2019, and received by COR's Appeals Office on or around January 6, 2020. (ECF No. 21-4 at 3, 8–9). The appeal was categorized as a staff complaint and automatically bypassed the first level of review per CDCR regulations. (Id. at 3). On January 6, 2020, Appeal No. CPCS-2-20-00059 was canceled at the second level of review as untimely under title 15, section 3084.6(c)(4) of the California Code of Regulations. (ECF No. 28-4 at 3, 12; ECF No. 30 at 14). The cancellation letter included the following form advisement:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(ECF No. 21-4 at 11).

On January 17, 2020, Plaintiff filed a separate appeal regarding the cancellation of Appeal No. CPCS-2-20-00059. Plaintiff's separate appeal of the cancellation was assigned as Appeal No. CPCS-2-20-00840. (ECF No. 21-4 at 3, 15). Therein, Plaintiff alleged that he made a complaint "within the time frame but got no answer." (Id. at 15).

On February 24, 2020, Appeal No. CPCS-2-20-00840 was rejected for missing necessary supporting documents under title 15, section 3084.6(b)(7) of the California Code of Regulations. (ECF No. 21-4 at 4, 17). On March 17, 2020, Appeal No. CPCS-2-20-00840 was rejected again for submitting an incomplete appeal under title 15, section 3084.6(b)(13) of the California Code of Regulations. (Id. at 4, 18).

On April 21, 2020, the CDCR denied Appeal No. CPCS-2-20-00840 based on the second level of review's determination that Appeal No. CPCS-2-20-00059 had been appropriately canceled as untimely and that the excessive delay was unreasonable. (ECF No. 21-4 at 4, 19–20). Plaintiff did not appeal the second level review denial to CDCR's Office of Appeals.

1 | In the opposition, Plaintiff alleges that he submitted a grievance "within 24 hours [of the
2 | September 12, 2018 incident] well within a timely manner." (ECF No. 48 at 31). Plaintiff claims
3 | that the CDCR misplaced and did not respond to said grievance in a timely manner. (Id. at 1).

**B. Analysis**

It is undisputed that the CDCR has process in place for administrative grievances, and that an inmate must process his grievance through the third level in order to exhaust administrative remedies. It is also undisputed that Plaintiff submitted Appeal No. CPCS-2-20-00059 regarding the excessive force allegations in the complaint on December 30, 2019, approximately 450 days after the alleged incident occurred and four and a half months after filing the instant lawsuit, and the appeal was canceled as untimely. Plaintiff pursued a separate appeal of the cancellation determination—Appeal No. CPCS-2-20-00840—as required by CDCR regulations. It is undisputed that Plaintiff never exhausted that appeal through the third level of review.

As Defendant Weber has carried his burden to show that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy prior to commencement of the instant lawsuit, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino II, 747 F.3d at 1172. However, "the ultimate burden of proof remains with the defendant." Id.

Here, Plaintiff alleges that he submitted a grievance within twenty-four hours of the September 12, 2018 incident, but that the CDCR misplaced and did not respond to said appeal. (ECF No. 48 at 1, 31). However, Plaintiff did not sign his opposition under penalty of perjury or submit a declaration sworn under penalty of perjury. Thus, the opposition brief is not admissible as evidence on summary judgment. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (court may consider *verified* pleadings as evidence for *pro se* parties); Johnson v. Sandy, No. 2:12-cv-02922-JAM-AC-P, 2015 WL 1894400, at *1 (E.D. Cal. Apr. 24, 2015) ("Unsworn declarations not signed under penalty of perjury do not constitute admissible evidence properly considered in ruling on a motion for summary judgment." (citing 28 U.S.C. § 1746)); Chao v.

7

1  Westside Drywall, Inc., 709 F. Supp. 2d 1037, 1052 (D. Or. 2010) ("The first three declarations

2  contained within Exhibit 18 are not given under penalty of perjury. These declarations are not

3  made in accordance with 28 U.S.C. § 1746, therefore they do not satisfy the requirements of

4  FRCP 56(e) and are not admissible as evidence.").[3]

5  Further, Plaintiff does not provide any evidence in support of his allegations, such as a copy of the alleged appeal he claims he submitted within twenty-four hours of the September 12, 2018 incident. Moreover, Plaintiff's allegations lack detailed facts. For example, Plaintiff does not provide a description of the contents of the grievance nor allege where, how, or to whom he submitted the alleged grievance. Although Plaintiff contends that the CDCR misplaced and did not respond to his appeal, Plaintiff does not put forth evidence, either documentary or in a statement under penalty of perjury, that he took any follow-up action on the grievance he claims to have filed (*e.g.*, Plaintiff did not file any grievance or document asking what happened to his earlier grievance and did not mention this earlier grievance and the CDCR's lack of response in his December 30, 2019 appeal).

The Court finds that Plaintiff's allegations do not raise a genuine issue of fact regarding the availability of administrative remedies because "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997). Compare Combs v. Moore, No. 1:19-cv-00390-NONE-BAM, 2020 WL 6561124, at *6 (E.D. Cal. Nov. 9, 2020) (finding no genuine issue of material fact because "[t]here is no evidence before the Court, aside from Plaintiff's own allegations, that he ever attempted to submit any grievances related to the claims in this action prior to the filing of this lawsuit" and "Plaintiff . . . failed to present more than his own allegations, unsupported by evidence in the record, to demonstrate that he was unable to exhaust his administrative remedies"), report and recommendation adopted, 2021 WL 534878 (E.D. Cal. Feb. 11, 2021), and Otto v. Quinn, No. EDCV 16-1883 AB (AS), 2019 WL 4221090, at *4 (C.D. Cal. June 6,

---

[3] Although Plaintiff's opposition is not signed under penalty of perjury, the Court notes that Plaintiff's scheduling conference statement, which is sworn under penalty of perjury, also asserts that Plaintiff "submitted [his] first appeal within the time frame of 24 hours of the incident happening." (ECF No. 51 at 4).

8

2019) (finding that plaintiff's "conclusory and unsupported assertion that he exhausted his administrative remedies is insufficient to avoid summary judgment"), report and recommendation adopted, 2019 WL 7037781 (C.D. Cal. Dec. 19, 2019), with Williams v. Gore, No. 15-CV-654, 2017 WL 1354695, at *6 (S.D. Cal. Mar. 24, 2017) (finding disputed material facts where plaintiff's sworn declaration detailed instances of filing grievances (including date of submission, content of grievance, and location of submission), attested that officials never responded or acknowledged submitted grievances and thus explained why plaintiff did not retain copies of grievances, and outlined his frequent verbal and written follow up regarding the status of his grievances).

Because the PLRA requires *complete* exhaustion of a grievance prior to filing suit, and because it is undisputed that Plaintiff did not completely exhaust his claim prior to filing suit, Plaintiff has failed to properly exhaust his claim. Therefore, the undersigned will recommend that Defendant's motion for summary judgment be granted and this case be dismissed without prejudice for failure to exhaust. See Kenner v. W.I.N.G.S. Sup'r, 331 F. App'x 483, 484 (9th Cir. 2009) ("The district court properly dismissed the action because [plaintiff] did not complete the prison grievance process prior to filing suit."); McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (requiring dismissal without prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed").

**IV. RECOMMENDATION**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Defendant Weber's motion for summary judgment (ECF No. 21) be GRANTED; and
2. This action be DISMISSED without prejudice because Plaintiff failed to exhaust his available administrative remedies before filing this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 28, 2021**　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE