UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVAL JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>WEBER,<br><br>        Defendant. | No. 1:19-cv-01068-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE FOR THE PURPOSE OF CLOSING THE CASE AND THEN TO CLOSE THIS CASE<br><br>(Doc. Nos. 21, 54) |

Laval Jones ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 19, 2020, defendant Weber filed a motion for summary judgment. (Doc. No. 21.) On April 29, 2021, the assigned magistrate judge entered findings and recommendations, recommending that "Defendant Weber's motion for summary judgment (ECF No. 21) be GRANTED," and that "[t]his action be DISMISSED without prejudice because Plaintiff failed to exhaust his available administrative remedies before filing this action." (Doc. No. 54 at 9.)

The parties were provided an opportunity to file objections to the findings and recommendations. Plaintiff filed his objections on May 24, 2021. (Doc. No. 55.) Defendant

1

Weber did not object or file a response to plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis. The magistrate judge correctly concluded that defendant met his burden of establishing that there was an available administrative remedy and that plaintiff did not exhaust that available remedy prior to commencement of the instant lawsuit as is required. (Doc. No. 54 at 7.) Plaintiff indicated in his opposition to the motion that he indeed did submit an inmate grievance within one day of the incident in question but claims that CDCR misplaced that inmate grievance and did not respond to it. (Doc. No 48 at 1, 31.) However, as the magistrate judge correctly concluded, even assuming plaintiff's unsigned opposition may be considered,[1] plaintiff's conclusory assertion therein that he timely filed an inmate grievance lacks any detailed facts, nor is it supported by any evidence and is therefore insufficient to create a genuine issue of material fact. (*See* Doc. No 57 at 8 (reviewing cases).) In this regard, plaintiff did not provide a description of the contents of the purported inmate grievance, provide a copy of the inmate grievance, explain to whom he gave it, or detail any efforts he undertook to follow up on its purported submission. Finally, plaintiff failed to even mention the first inmate grievance he now claims to have submitted in his later, late-filed, inmate grievance. Plaintiff's objections fail to rebut with any specificity the pending findings and recommendations.

Accordingly,

1. The findings and recommendations issued on April 29, 2021, (Doc. No. 54), are adopted in full;

/////

/////

/////

---

[1] Plaintiff's opposition was not signed by him and therefore cannot be considered as evidence in the context of summary judgment. (*See* Doc. No. 54 at 7.) However, plaintiff did make similar, general assertions in his scheduling conference statement, which was sworn to under the penalty of perjury. (Doc. No. 51 at 4.)

2

2. Defendant Weber's motion for summary judgment, (Doc. No. 21), is granted;

3. This action is dismissed without prejudice because plaintiff failed to exhaust his available administrative remedies before filing this action; and

4. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **July 14, 2021**

　　　　　　　　　　　/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE